UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARIE KERNAN WILDER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>Defendant. | CASE NO. C13-0156JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 21)), and Plaintiff Sharie Kernan Wilder's objections thereto (Objections (Dkt. # 22)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 21), AFFIRMS the ruling of the Administrative Law Judge ("ALJ") and DISMISSES Ms. Wilder's complaint with prejudice.

ORDER- 1

# I. BACKGROUND

Ms. Wilder applied for and was denied social security benefits. (R&R at 2.) After her initial application was denied, she had a hearing before an ALJ. (*Id.*) At the hearing, Ms. Wilder testified along with her husband and a vocational expert. (*Id.*) The ALJ issued a final decision finding that Ms. Wilder was not disabled, and Ms. Wilder appealed that decision to this court. (*Id.*) The ALJ found that Ms. Wilder was not gainfully employed and that she suffered from severe impairments but that none of them were "listed" impairments automatically qualifying Ms. Wilder for social security benefits. (*Id.* at 3.) The ALJ went on to find that Ms. Wilder could not perform her past relevant work, but that she had sufficient residual functional capacity to perform other jobs that exist in significant levels in the national economy. (*Id.*) Ms. Wilder appealed these findings, and Magistrate Judge Mary Alice Theiler issued a report and recommendation recommending that the ALJ be affirmed. (*See* R&R.)

# II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review

the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the court need not review de novo the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

### III.   DISCUSSION

Ms. Wilder's first objection to the Report and Recommendation asserts that the ALJ erred by determining that Ms. Wilder has opioid dependence and substance abuse problems. (Objections at 2-4.) Ms. Wilder argues that the ALJ made an improper diagnosis then made "a number of harmful conclusions based upon the diagnosis," including credibility determinations. (*Id.* at 3.) Indeed, the ALJ made a number of specific findings with respect to Ms. Wilder's drug use. (*See id.*) However, Ms. Wilder has not demonstrated legal error. ALJs are permitted to consider any evidence demonstrating drug use to the extent it erodes the claimant's credibility. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(3)(v). Further, even assuming error, Ms. Wilder has not demonstrated that the error was harmful or warrants reversal of the ALJ's findings. The court rejects this first objection.

Ms. Wilder also objects to the Magistrate Judge's recommendations with respect to (1) the ALJ's credibility determinations and (2) the ALJ's treatment of Dr. Thorp's testimony. (Objections at 4, 7.) She argues that the ALJ erred by finding her not credible and did not give sufficient reasons to support that determination. (*Id.* at 4-7.) However, the ALJ gave numerous reasons why Ms. Wilder was not credible (*see* R&R at 8), and Ms. Wilder does not meet her burden to show that the court should overturn the ALJ's

credibility determinations on appeal (*see* Objections at 4-7). Further, with respect to credibility and also with respect to Dr. Thorp's testimony, Plaintiff's objections do not raise any novel issues that were not addressed by Magistrate Judge Theiler's Report and Recommendation. The court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record. Ms. Wilder essentially reargues the arguments she made to Magistrate Judge Theiler, and the court independently rejects them for the same reasons as Magistrate Judge Theiler. Specifically, the court has reviewed the record and concludes that substantial evidence and reasons support all of the ALJ's findings.

## IV.　CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the R&R (Dkt. # 21) in its entirety, AFFIRMS the decision of the ALJ, and DISMISSES the complaint with prejudice;

(2) The court DIRECTS the Clerk to send copies of this Order to counsel for all parties and to Magistrate Judge Theiler.

Dated this 7th day of October, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 4